IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

IN RE: DORENE ROBINSON :

---

DORENE ROBINSON :

Appellant :

v. : Civil Action No. DKC 26-1612

THE BANK OF NEW YORK MELLON :

Appellee :

**MEMORANDUM OPINION**

Appellant Dorene Robinson ("Ms. Robinson"), a debtor in the underlying bankruptcy case, appeals from the Order of Bankruptcy Judge Lori S. Simpson, denying her Motion for Determination of Stay Violation ("Order"). (ECF No. 1). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the order of the bankruptcy court will be affirmed.

## I. Background

On January 7, 2025, the property then-owned by Ms. Robinson at 9133 Granite Court, Waldorf, MD 20603 ("Property") was sold at a public foreclosure auction. (ECF No. 3-1, at 2). A Maryland state court ratified the sale on February 26, 2025. (*Id.*). The state court also referred the matter to an auditor. (*Id.*).

On March 3, 2025, Ms. Robinson filed a Voluntary Petition for bankruptcy with the Bankruptcy Court for the District of Maryland.

(*Id.*); *In re Robinson*, Bankr. Case No. 25-11792-LSS (Bankr. D.Md. Mar. 3, 2025) ("Bankr. Case I"). This petition triggered an "automatic stay" of enforcement actions, actions to obtain property, and other claims against Ms. Robinson and her property interests. *See* 11 U.S.C. § 362. The Bankruptcy Court dismissed the case and terminated the automatic stay on September 30, 2025, because Ms. Robinson was barred from filing for bankruptcy at the time of her petition. (ECF No. 3-1, at 2); Bankr. Case I, ECF No. 156.

On July 24, 2025, while the automatic stay was in effect, the state court entered an order ratifying the auditor's report. (ECF No. 6, at 3). The order also denied a motion by Ms. Robinson challenging the ratification of the foreclosure. *In re Robinson*, Bankr. Case No. 25-20687-LSS (Bankr. D.Md. Apr. 6, 2026) ("Bankr. Case II"), ECF No. 85, at 2. On October 31, 2025, after the stay was terminated, the deed to the Property was recorded in county land records. *Id.*

Ms. Robinson again filed for bankruptcy on November 13, 2025, initiating the current bankruptcy case. Bankr. Case II, ECF No. 1. The Bank of New York Mellon fka the Bank of New York ("Appellee") filed a Notice of Appearance and an Objection to Ms. Robinson's proposed Chapter 13 Plan, asserting that it held an interest in the Property. Bankr. Case II, ECF Nos. 38; 39.

Ms. Robinson filed a motion seeking a declaration that the state court's July 24 order and the October 31 deed recording "violated the [March 3] automatic stay and were void." (ECF No. 8, at 6). Ms. Robinson also requested an evidentiary hearing on the matter. *Id.* at 7. Appellee opposed the motion. (ECF No. 7, at 4). On April 22, 2026, the Bankruptcy Court denied the motion, holding that the Property was not subject to the automatic stay because the state court's ratification of the foreclosure sale "divested [Ms. Robinson] completely of any interest in the property before [she] filed her bankruptcy petition." (ECF No. 1-1, at 2 (quoting *Scott v. Bierman*, 429 F.App'x 225, 231 (4th Cir. 2011))(citation modified)).

On April 24, 2026, Ms. Robinson filed a notice of appeal of the Order. (ECF No. 1). Ms. Robinson filed her opening brief on June 18, 2026. (ECF No. 6). Appellant filed their brief on July 16, 2026. (ECF No. 7). Ms. Robinson filed her reply brief on July 30, 2026. (ECF No. 8).

## II. Standard of Review

This court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a), which states in relevant part: "The district courts of the United States shall have jurisdiction to hear appeals[ ] (1) from final judgments, orders, and decrees . . . of

bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title."

> In an appeal from Bankruptcy Court, this Court reviews factual findings for clear error and conclusions of law *de novo*. *Gold v. First Tenn. Bank Nat'l Ass'n (In re Taneja)*, 743 F.3d 423, 429 (4th Cir. 2014). A finding is clearly erroneous only if, after reviewing the record, the reviewing court is left with "a firm and definite conviction that a mistake has been committed." *Klein v. PepsiCo, Inc.*, 845 F.2d 76, 79 (4th Cir. 1988).

*Ekweani v. Thomas*, 574 B.R. 561, 567 (D.Md. 2017).

**III. Analysis**

An automatic stay protects "the property of the estate" against post-petition actions to obtain possession, enforcements of judgments, and liens. 11 U.S.C. § 362(a)(2)–(5). The property of the estate is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the [bankruptcy] case," subject to exceptions not relevant here. 11 U.S.C. § 541(a)(1); *see also In re Alvarez*, 733 F.3d. 136, 141 (4th Cir. 2013). Ms. Robinson argues that she retained a legal interest in the Property at the time she filed for bankruptcy on March 3, 2025. (ECF No. 8, at 5). At the least, Ms. Robinson maintains that the Bankruptcy Court should have held an evidentiary hearing on the question. (ECF No. 8, at 10–11). There are no factual disputes on the chronology relevant to this appeal, and the Bankruptcy Court properly recited the applicable law: at the time of the

commencement of the bankruptcy case, Ms. Robinson no longer had an interest in the Property. (ECF No. 1-1, at 2). Accordingly, the Order will be affirmed.

"[W]hen determining the substance of property rights and security interests in bankruptcy, 'the basic federal rule is that state law governs.'" *In re Price*, 562 F.3d 618, 624 (4th Cir. 2009) (quoting *Butner v. United States*, 440 U.S. 48, 57 (1979)). Maryland state law applies here because the Property is located in Maryland. *See Singh v. Shao Lin Lai*, 417 F.Supp.3d 694, 700 (D.Md. 2019); *Scott*, 429 Fed.App'x at 229.

Under Maryland law, a foreclosure sale must be ratified by the state court. Md. R. 14-305(f). It is this ratification of the sale "that allows title of the property to pass to the purchaser" and "terminates the mortgagor's interest in the property." *Laney v. State*, 379 Md. 522, 539 (2004); *see also* Md. Code Ann., Real Prop. Section 7-105(c) (West 2026) (foreclosure sale, ratification and payment of purchase money "operate[] to pass all the title which the borrower had in the property at the time of the recording of the mortgage or deed of trust"). The ratification thus leaves the former owner with no interest in the property to be carried into a future bankruptcy estate. *See Singh*, 417 F.Supp.3d. at 701 (holding that following the ratification of

a foreclosure sale, “the mortgagor's interest in the property is extinguished completely”); *Scott*, 429 Fed.App’x at 230.

Further state court procedures, such as a referral to an auditor, do not change the legal effect of the ratification.

> Even though the foreclosure case continues after the ratification of the sale, the proceeding no longer involves an adjudication of rights in the real property. The ratification of the sale has the practical effect of putting the parties out of court, as they can no longer prosecute or defend their rights with respect to the property; therefore, an order ratifying a foreclosure sale is a final judgment with respect to the in rem aspects of a foreclosure proceeding. *See Fairfax Savings, F.S.B. v. Kris Jen Ltd. P’ship*, 338 Md. at 16-17, 655 A.2d 1265. The process of referring the case to an auditor and resolving any exceptions to the auditor’s report is collateral to the foreclosure proceeding, and thus it does not affect the finality of an order ratifying the foreclosure sale.

*Huertas v. Ward*, 248 Md.App. 187, 205–06 (2020).

In this case, the state court ratified the foreclosure sale of the Property on February 26, 2025. This ratification terminated Ms. Robinson’s interest in the Property. *See Laney*, 379 Md. at 539. As a result, when Ms. Robinson later filed a bankruptcy petition, the Property was not a part of the bankruptcy estate and therefore not covered by the automatic stay. *See Scott*, 429 Fed.App’x at 230; *Singh*, 417 F.Supp.3d. at 701.

Ms. Robinson raises two arguments to support her continued interest in the Property. First, she cites to *Houck v. Substitute Trustee Services, Inc.*, a case decided by the United States Court of Appeals for the Fourth Circuit involving an alleged violation of an automatic stay over a property in North Carolina. 791 F.3d. 473, 476 (4th Cir. 2015). Plaintiff cites *Houck* for the proposition that conduct of various actors in the foreclosure can be relevant to a stay violation question. (ECF No. 8, at 11–12). The relevance of that case is unclear.

Second, Ms. Robinson points to filings withdrawn by Appellant that she argues "created a contradiction requiring clarification or findings" by the Bankruptcy Court. (ECF No. 6, at 4). Ms. Robinson's interest in the Property, however, was terminated months earlier by the ratification of the foreclosure sale and was unaffected by later bankruptcy proceedings. Thus, those events are not relevant to a violation of the automatic stay.

The Bankruptcy Court correctly held that state court's ratification of the foreclosure sale "divested completely" Ms. Robinson of her interest in the Property. (ECF No. 1-1, at 2). Consequently, the Property was not a part of the March 3 bankruptcy estate and was not protected by the automatic stay. This holding did not require an evidentiary hearing because it rested on the

undisputed fact that the state court ratified the foreclosure sale before Ms. Robinson filed for bankruptcy.

**IV. Conclusion**

For the foregoing reasons, the order of the bankruptcy court will be affirmed. A separate order will follow.

/s/

DEBORAH K. CHASANOW
United States District Judge